# AGREEMENT FOR PROFESSIONAL ENGINEERING SERVICES

This Agreement (the "Agreement") is entered into by and between DANNENBAUM ENGINEERING COMPANY – MCALLEN, LLC (the "Engineer") having a place of business at 1109 Nolana Loop, Suite 208, McAllen, Texas 78504 and VALLEY DATA COLLECTION SPECIALISTS, INC. (the "Consultant") having a place of business at 9120 North 23rd Street, McAllen, Texas 78504, to be effective this _7th_ day of _June_, 2007.

## WITNESSETH:

Whereas, the Engineer has entered into a contract (the "Contract") with Hidalgo County – Hidalgo County Drainage District No. 1, for the providing of professional engineering services of a high quality in connection with the preliminary engineering and final design including the development of plans, specifications, and estimates (PS&E), right-of-way preparation and construction phase services of the proposed improvements for the Hidalgo County Drainage District No. 1– specifically Levee Improvements Project (the "Project"); and

Whereas, Engineer desires to obtain professional engineering services and materials of a high quality from Consultant in connection with Engineer's Contract with the Hidalgo County Drainage District No. 1 to enable the Hidalgo County Drainage District No. 1 to obtain an economic and serviceable project;

Whereas, Consultant represents that it has reviewed Engineer's contract with Hidalgo County Drainage District No. 1 (copy attached as Exhibit No. 1), which includes Phase I preliminary engineering for the remaining 3.74 miles and the Preliminary Engineering Report for schematics and Phase I preliminary engineering for the remaining 8.26 miles; and that the Consultant has the capability to provide in an expedient, satisfactory and proper manner certain engineering services and materials required by the Contract; and

Whereas, Consultant desires to provide services and materials in exchange for the fees as stated hereinafter;

Now, therefore, in consideration of the premises and mutual covenants herein contained, it is agreed as follows:

1.

## INCORPORATION OF PORTIONS OF CONTRACT INTO THIS AGREEMENT

The provisions of the Contract between Engineer and Hidalgo County Drainage District No. 1 (W.A. No. 2 and S.A No. 1 to W.A. No. 2) (copy attached as Exhibit No. 1) is incorporated by reference into this Agreement and, except to the extent this Agreement is explicitly inconsistent with the following provisions of the Contract between Hidalgo County Drainage District No. 1 and Engineer, these provisions shall become part of the definition, terms, conditions, promises and obligations imposed upon the Engineer and the Consultant under this Agreement. In the event of a conflict, this Agreement shall prevail.

-1-

2.

## SCOPE OF SERVICES

2.01 Consultant shall undertake, perform and complete, in an expedient, satisfactory and proper manner, the following professional engineering services required under Engineer's Contract with Hidalgo County Drainage District No. 1 and which services Engineer requests Consultant to undertake, perform and complete. Consultant shall, in undertaking, performing and completing those engineering services requested by Engineer in connection with the Contract, secure and furnish personnel with the professional classifications, skills and expertise required to provide professional engineering services in accordance with the standards prevailing in his profession in the United States for engineering services performed for similar projects whereby Hidalgo County Drainage District No. 1 may obtain a good and serviceable Project.

2.02 Consultant's work includes the following specified tasks (some of which may be in part described by the tasks enumerated in the Contract and some of which may be in addition to the tasks enumerated in Article 1 of the Contract). The Consultant, when authorized, shall provide under Scope of Services the following services and the services as stated in Exhibit No. 2 (attached) "Scope of Services".

    (a)    Assume the responsibility for providing the engineering services required and will provide all necessary supervision and coordination of activities that may be required to complete Consultant's obligation subject to the approval and concurrence required from the Engineer and Hidalgo County Drainage District No. 1.

    (b)    Provide data, analyses, findings and recommendations for review and coordination with Hidalgo County Drainage District No. 1 staff and Engineer during the work program, as directed by the Engineer. Consultant shall inform the Engineer of all contacts with Hidalgo County Drainage District No. 1.

    (c)    Submit to Engineer written monthly progress reports, each of which shall outline the work accomplished during the previous month or since the last progress report for the Consultant's work under this Agreement. The reports will include, but not be limited to, the percentage of completion of the overall work project and each work phase, special problems of delays encountered or anticipated, changes in the estimated value of each work phase, the instituted work activities for the next work period, and a brief description of work accomplished, methodologies used, and conclusions reached, if any, for each task. Progress reports will be due about the 1st of each month for the period of this Agreement.

    (d)    Prepare work in accordance with the project schedule and instructions as provided by Hidalgo County Drainage District No. 1.

    (e)    Attend meetings as requested by Engineer.

    (f)    Furnish Engineer copies of all necessary data required for reports to be prepared by Consultant.

(g) Additional Special Services of Consultant, as requested and authorized by the Engineer, and enumerated in Article 2 of the contract after scope and price have been agreed to by both parties.

3.

# COMMENCEMENT OF PERFORMANCE AND TIME OF PERFORMANCE

With respect to any of the services that Consultant is obligated to provide under this Agreement, Consultant shall commence such work within seven calendar days after Engineer has notified Consultant of the services to be provided. Consultant's work shall be undertaken and completed in such sequence as to effect expeditious completion of the tasks as specified in Article 1 of the Contract. No extensions of Consultant's time of performance under this Agreement will be allowed without the prior written consent of both Hidalgo County Drainage District No. 1 and Engineer. Consultant should complete the Scope of Services as outlined in Exhibit No. 2 (attached) within the time frame established by Hidalgo County Drainage District No. 1 and the Engineer for the Levee Improvement Project.

4.

# PAYMENT OF SERVICES

4.01 MAXIMUM AMOUNT PAYABLE. The Engineer shall pay to the Consultant a sum of money equal to the Agreed Fee to be earned, provided however, that under no circumstances may the total dollar amount payable to the Consultant under this Contract (or in connection with the subject matter of this Contract) exceed the sum of ___$378,290.00___, excluding the additional special services requested by Engineer and for which the scope and price for said special services are agreed to by Consultant and Engineer. Each task assignment will have an agreed scope and not to exceed fee amount before Consultant begins work effort on that task.

4.02 BASIC SERVICES FEES. The Basic Services included in this Agreement are enumerated in Section 2.02 and Exhibit No. 2 of this Agreement.

Consultant shall submit on a monthly basis and in accordance with the percentage of the phase completed, as outlined in Article 4, Section 4.1.1 of the Contract between Hidalgo County Drainage District No. 1 and Engineer.

5.

# METHOD OF PAYMENT

All fees for services completed under this Agreement will be paid to the Consultant by the Engineer in accordance with Section 3 of this Agreement. Engineer will have no obligation to pay Consultant for any monthly invoices for which the Engineer has not yet received payment from Hidalgo County Drainage District No. 1. The Engineer shall pay the Consultant within 10 (ten) working days after receiving payment from Hidalgo County Drainage District No. 1.

6.

## TERM AND TERMINATION

6.01 This Agreement shall be in force and effect from and after the effective date hereof until three years have elapsed after the final payment for services provided under Section 4 of this Agreement are made, unless terminated earlier as provided herein. This Section shall not be construed to relieve either party of its obligations to perform under this Agreement while the Agreement is in effect.

6.02 Engineer may terminate this Agreement in whole or in part at any time, with or without cause, by providing written notice of cancellation to Consultant, either by messenger or by registered or certified mail. Upon termination of this Agreement in whole or in part, Consultant shall cease all work on the portion or portions of the work, which are terminated. In the event of such termination prior to the completion of the portion of the work for which the Agreement is terminated, Engineer shall pay Consultant for all labor and material cost up to the date of termination.

6.03 Consultant may terminate this Agreement in whole or in part at any time, with cause, by providing written notice of cancellation to the Engineer, either by messenger or by registered or certified mail.

6.04 Termination of all or a portion of this Agreement by either the Consultant or the Engineer shall not release either party from any of its continuing obligations hereunder. Termination of this Agreement by either party shall not relieve the Consultant of its liability to the Engineer for damages sustained by the Engineer by virtue of any breach of this Agreement by Consultant. Engineer may withhold any payments due to Consultant to offset said damages until such time as the exact amount of damage due Engineer from the Consultant is determined.

6.05 Upon termination of this Agreement, by either the Consultant or the Engineer, all finished and unfinished documents, data, studies, surveys, drawings, maps, models, photographs and reports relating to the Project which have been invoiced to and paid for by the Engineer shall be immediately delivered by Consultant to the Engineer.

7.

## AUDIT AND INSPECTION OF RECORDS

The Consultant shall permit the authorized representative of the Hidalgo County Drainage District No. 1 or the Engineer to inspect and audit all data and records of the Consultant relating to its performance under this Agreement. The Consultant shall maintain complete and accurate records with respect to its performance under this Agreement. All such records shall be maintained in accordance with generally accepted accounting principles and shall be clearly identified and readily accessible at all reasonable times. The Consultant further agrees that Hidalgo County Drainage District No. 1 or Engineer shall, until the expiration of three (3) years after final payment under this Agreement, have access to and right to examine any directly pertinent books, documents, papers and records concerning the Project.

8.

## INDEMNIFICATION

The Consultant agrees to and shall indemnify and hold harmless Engineer, its directors and employees from and against any and all claims, losses, damages, causes of action, suits and liability of every kind including all reasonable expenses of litigation, court costs and attorney's fees, for bodily injury, sickness, disease or death of any person, or for damages to any property, including consequential damages or loss of use thereof, brought or recoverable by third parties against Engineer, its directors and/or employees and arising out of or resulting from any negligent act or omission by Consultant in the performance of this Contract.

The indemnity provided for in this Section shall have no application to any claim, loss or damage, cause of action, suit or liability brought or recoverable against Engineer, its directors and/or employees to the extent the injury, death or damage results from any negligent act or omission by Engineer.

Where personal injury, death or loss of or damage to property referred to in the immediately preceding paragraph is the result of the joint negligence or misconduct of Engineer and Consultant, then each party's duty of indemnification and responsibility for defense costs shall be in proportion to its allocable share of such joint negligence or misconduct.

9.

## INSURANCE

Consultant covenants and agrees to maintain and pay the premium for insurance of the types and in the limits which it deems sufficient for its protection, but which shall in no event be less than as stipulated in the Contract. The Subconsultant shall obtain and maintain insurance in the minimum limits of liability for each of the types of insurance coverage identified as follows:

9.01 Workers' Compensation, endorsed with a waiver of subrogation in favor of the Hidalgo County Drainage District No. 1 and Engineer in limits of liability not less than the benefits allowed under the Texas Workers' Compensation Law ("Statutory Texas").

9.02 Commercial General & Professional Liability, endorsed with the Hidalgo County Drainage District No. 1 and Engineer as additional insured and endorsed with a waiver of subrogation in favor of the Hidalgo County Drainage District No. 1 and Engineer, in limits of liability not less than one million dollars ($1,000,000) combined single limit each claim and in the aggregate for bodily injury and property damage. The Professional Liability insurance shall be $1,000,000 combined single limit each claim in the aggregate. *All subconsultants will be required to maintain limits of liability not less than one million dollars ($1,000,000) combined single limit each claim and in the aggregate for bodily injury and property damage.*

9.03 Texas Business Automobile Policy, endorsed with the Hidalgo County Drainage District No. 1 and Engineer as an additional insured and endorsed with a waiver of subrogation in favor of the Hidalgo County Drainage District No. 1 and Engineer, in limits of liability not less than two hundred fifty thousand dollars ($250,000) each person for bodily injury, five hundred thousand dollars

($500,000) each occurrence for bodily injury, and one hundred thousand dollars ($100,000) each occurrence for property damage.

9.04 The Consultant covenants and agrees to maintain an insurance policy in the minimum limits of liability for each of the types of insurance coverage identified above. The Consultant shall furnish the Engineer with a certificate of insurance showing the said policy to be in full force and effect during the period of service, identified in Article 3 hereto, for this Agreement. The Consultant will be considered in breach of contract should the Consultant fail to maintain an insurance policy in the minimum limits of liability and requirements identified above while performing services for and under this Agreement, and will be subject to default and termination of the Agreement as outlined in Article 6.04 hereto. Additionally, the Consultant covenants and agrees to use its best efforts to maintain an insurance policy in the minimum limits of liability and requirements identified above until one year following the date of the acceptance of the Project by the Engineer.

10.

## MISCELLANEOUS

10.01 INDEPENDENT CONTRACTORS. The relationship of the Engineer and Consultant shall be that of an Owner and an independent contractor. It is not the purpose or the intention of this Agreement to create, nor shall the same be construed, as creating any partnership, joint venture, or master and servant relationship. This Agreement does not designate the Consultant as the agent or legal representative of Engineer for any purpose whatsoever and Consultant shall in no way represent itself directly or by implication to be an agent of Engineer nor attempt to in any way assume or create an obligation on behalf of Engineer. While Consultant shall be obligated to fulfill the duties and obligations owed to Engineer under this Agreement, Engineer shall have no right to control or direct the details of the manner in which Consultant or its employees fulfill such duties and obligations.

10.02 BUSINESS STRUCTURE AND ASSIGNMENTS. Consultant shall not assign this Agreement or dispose of all or substantially all of its assets in a manner which will materially affect its performance of the services under this Agreement without the written consent of the Engineer.

10.03 SUBCONTRACTORS. Consultant shall not subcontract any part of its performance or obligations under this Agreement without the written consent of Engineer.

10.04 NON-WAIVER. Failure of either party hereto to insist on the strict performance of any of the covenants or obligations herein or to exercise any rights or remedies accruing hereunder upon default or failure of performance shall not be considered a waiver of the right to insist on and to enforce by any appropriate remedy strict compliance with any obligation hereunder or to exercise any right or remedy occurring as a result of any future default.

10.05 APPLICABLE LAWS. This Agreement is subject to all laws of the State of Texas, the laws of the federal government of the United States of America and all rules and regulations of any regulatory body or officer having jurisdiction in Hidalgo County, Texas.

10.06 NOTICES. All notices required or permitted hereunder shall be in writing and shall be deemed delivered when they are in fact delivered or when deposited in the United States Postal Service with the proper postage affixed, certified mail (return receipt requested) or registered mail, and addressed to the appropriate other party at the address stated in the preamble hereof.

10.07 TITLE TO PROPERTY AND COPYRIGHT. Hidalgo County Drainage District No. 1 shall be the owner of all documents and all such documents shall be deemed to be "works for hire" prepared for Hidalgo County Drainage District No. 1. However, the Consultant shall be obligated to furnish such documents to the Engineer, rather than directly to Hidalgo County Drainage District No. 1. Documents are not represented to be or intended to be suitable for use on other projects or extensions of this project. If Engineer or Hidalgo County Drainage District No. 1 does reuse the documents thus, it does so at its own risk and without liability to the Consultant.

10.08 ENTIRE AGREEMENT. This Agreement and the exhibits incorporated herein contain the entire agreement between the parties with respect to the subject matter hereof, and merge all prior discussions, negotiations and agreements with respect to such matter. No party shall be bound by any representations, statements or warranties, whether written or oral, relating to the subject matter of this Agreement unless specifically stated in writing in this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement in duplicate originals, at 1109 Nolana Loop, Suite 208, McAllen, Hidalgo County, Texas, effective the aforementioned date.

ATTEST:　　　　　　　　　　　　DANNENBAUM ENGINEERING COMPANY – MCALLEN, LLC

By:_____　　By: _____
　　　　　　　　　　　　　　　　Louis H. Jones Jr., P.E., President

　　　　　　　　　　　　　　　　Date: ___5/29/07___


ATTEST:　　　　　　　　　　　　VALLEY DATA COLLECTION SPECIALISTS, INC.

By:_____　　By: _____
　　　　　　　　　　　　　　　　Trey Garza, President

　　　　　　　　　　　　　　　　Date: ___6-7-07___


**ATTACHMENTS:**

Exhibit No. 1 Contract Between Engineer and Hidalgo County Drainage District No. 1 (W.A. No. 2 and S.A. No. 1 and S.A. No. 2 to W.A. No. 2)
Exhibit No. 2 Scope of Services to be Provided by Consultant
Exhibit No. 3 Consultant's Certificate of Insurance

# EXHIBIT NO. 1

## Contract Between Engineer and Hidalgo County Drainage District No. 1
### Levee Improvements Project

### Work Authorization No. 2
Including Supplemental Agreement No. 1 to W.A. No. 2 and
Supplemental Agreement No. 2 to W.A. No. 2

THE STATE OF TEXAS §
§
COUNTY OF HIDALGO §

# EXHIBIT "E"
Work Authorization Form

## WORK AUTHORIZATION NO. __2__

THIS WORK AUTHORIZATION is made pursuant to the terms and conditions of Article 7 of the Agreement made by and between the **HIDALGO COUNTY DRAINAGE DISTRICT NO. 1**, acting herein by and through it's **BOARD OF DIRECTORS**, hereinafter called the **OWNER** and **DANNENBAUM ENGINEERING COMPANY – MCALLEN, LLC**, professional engineers of McAllen, Texas, hereinafter called the **ENGINEER**.

**PART 1.**     Scope of Work.

The scope of work involves preliminary engineering services regarding Phase I of the Improvement of the levees within Hidalgo County as identified in the location map in Exhibit "B2" in accordance with the International Boundary and Water Commission (IBWC) Study for the levee improvements within Hidalgo County, Texas.

The scope of services to be provided by the Owner is identified in Exhibit "A" – *Services to be Provided by the Owner* attached hereto.

The scope of services to be provided by the Engineer is identified in Exhibit "B" – *Services to be Provided by the Engineer* attached hereto.

**PART 2.**     Estimated Cost. The estimated professional engineering fee for providing these services under this Work Authorization is __$ 630,828.94. This includes Basic Services – Phase I, Preliminary Engineering * Remaining for 3.74 miles including Preliminary Engineering Report for Schematics ($132,678.76) and Phase I Preliminary Engineering for remaining 8.26 miles ($479,719.68)__. This amount is based up on the fee breakdown included as Exhibit "D" utilizing the contract rates established in Exhibit "D" of said agreement and attached hereto.

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
"Levee System Improvement Project within Hidalgo County, Texas"

Work Authorization No. 2
EXHIBIT "E"
Exhibit 2
Page 9 of 20
VD00248

PART 3.   Payment. Compensation and payment to the Engineer for the services established under this Work Authorization shall be made in accordance with Articles 5, 6, and 7 of the Agreement.

PART 4.   Period of Service. This Work Authorization shall become effective on the date of final acceptance of the parties hereto.

PART 5.   Responsibilities and Obligations. This Work Authorization does not waive the parties' responsibilities and obligations provided under the Agreement.

PART 6.   Acceptance and Acknowledgement. This Work Authorization is hereby accepted and acknowledged as indicated below and effective as of the 1st day of May, 2007.

ENGINEER:
DANNENBAUM ENGINEERING COMPANY – MCALLEN, LLC

BY: _____
Louis H. Jones, Jr., P.E., President

OWNER:
HIDALGO COUNTY DRAINAGE DISTRICT NO 1

BY: _____
Godfrey Garza, District Manager

ATTACHMENTS:
EXHIBIT "A" – Services to be Provided by the Owner
EXHIBIT "B" – Services to be Provided by the Engineer
EXBIBIT "B2" – Project Location Map
EXHIBIT "C" – Work Schedule
EXHIBIT "D" – Estimated Cost Proposal

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
"Levee System Improvement Project within Hidalgo County, Texas"

Work Authorization No. 2
EXHIBIT "E"
Exhibit 2
VD00249

# EXHIBIT "A"
## Services to be Provided by the Owner

The following provides an outline of the services to be provided by the **Owner** in the development of the Project (located in **EXHIBIT "B2"** attached to this Agreement).

## I. GENERAL

The **Owner** will provide to the **Engineer** the following:

(1) Authorization to the **Engineer** to begin work in accordance with Article 7 of this Agreement.

(2) Payment for work performed by the **Engineer** and accepted by the **Owner** in accordance with Article 5 and Article 6, both of this Agreement.

(3) Assistance to the **Engineer**, as necessary, to obtain the required data and information from other local, Regional, State and Federal agencies that the **Engineer** cannot easily obtain.

(4) Provide any available relevant data the **Owner** may have on file concerning the project.

(5) Provide timely review and decisions in response to the **Engineer**'s request for information and/or required submittals and deliverables, in order for the **Engineer** to maintain the agreed-upon work schedule prepared in accordance with **EXHIBIT "C"** attached to this Agreement.

(6) Attend and participate in progress meetings as required and as coordinated and conducted by the **Engineer**.

(7) Provide a copy of any engineering studies, previously prepared by other parties contracted by the **Owner** and incorporated herein by reference as the *"Lateral Drain Outfall System"*, and any associated documentation that may be relevant to the **Engineer** in the evaluation and verification of the *"Lateral Drain Outfall System"*. Also, the **Owner** will make available all documents with regard to the *"Raymondville Drain Project"*. The **Owner** will also make available all documents prepared by the International Boundary and Water Commission (IBWC) regarding the upgrade of the Levee System within Hidalgo County, Texas; if made available to the **Owner** by the IBWC.

## II. PRELIMINARY PROJECT PLANNING & DEVELOPMENT

The **Owner** will provide to the **Engineer** the following:

(1) Approve the **Work Plan** prepared by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

(2) Approve the **Project Development Schedule** prepared by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

(3) **Construction Estimate.** Provide the **Engineer** a copy of historical bid tabulations, if available, for similar projects and periodically review and approve the **Construction Estimate** as developed and prepared by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
*"Levee System Improvement Project within Hidalgo County, Texas"*

Work Authorization No. 2
EXHIBIT "A"
Page 11 of 20

VD00250

(4) Submit all required applications prepared by the **Engineer** to funding sources.

(5) **Capital Improvement Program (CIP).** If approved by **Owner** under *Special Services*, as identified in Article 5.2, provide any relevant data regarding the **Owner's** budget and budget process to assist the **Engineer** in the preparation of the **CIP** more particularly identified in **EXHIBIT "B"** attached to this Agreement; review and approve the **CIP** prepared by the **Engineer**.

(6) **Public Involvement.** Assist the **Engineer** in the preparation of the project mailing list; provide representation at all public meetings; provide representation at all public hearings; additionally:

*Public Meetings*
a. Approve agenda and exhibits prior to each public meeting.
b. Approve date and location of the public meeting.
c. Review/approve Public Meeting Report.

*Public Hearings*
d. Upon applicable agency approval of the schematic and environmental document, the **Owner** will authorize the **Engineer** to conduct and/or afford a public hearing if required.
e. Approve agenda and all exhibits prior to the public hearing.
f. Approve date and location of the public hearing.
g. Review/approve Public Hearing Report.

## III. PRELIMINARY ENGINEERING

The **Owner** will provide to the **Engineer** the following:

*Preliminary Engineering*
(1) Attend the **Preliminary Concept Conference** coordinated and conducted by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

(2) Assist the Engineer as required in the coordination with any other coordinating agency or entity.

(3) Review and approve the *"Preliminary Engineering Report"* prepared by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

(4) Review and approve the **Project** design criteria and the *"Design Policy and Procedures Manual"* developed and prepared by the **Engineer** and more particularly identified in **EXHIBIT "B"** attached to this Agreement.

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
*"Levee System Improvement Project within Hidalgo County, Texas"*

Work Auth Exhibit No. 2
Page 12 of 20
"EXHIBIT A"
VD00251

## EXHIBIT "B"
## Services to be Provided by the Engineer

The project will consist of data collection and preliminary engineering analysis for the improvement to the levees as identified in the Location Map as referenced – Exhibit "B2". Services provided shall be in accordance with IBWC Levee System Improvement Study for the Rio Grande River within Hidalgo County, Texas.

The project will consist of Phase I – Preliminary Engineering. The development of the Preliminary Engineering Report and development of the 30% schematic for the 3.74 miles identified in Work Authorization No. 1 and also includes preliminary engineering for the remaining 8.26 miles as identified in Exhibit "B2".

The Preliminary Engineering Phase will include the levees as identified in Exhibit "B2". The Data Collection Services includes compilation of engineering and related information. This phase will provide the general data collection review of IBWC studies and development of alternatives for levee improvements.

Special Services are not included in this work authorization.

### SECTION I

**PHASE I.** Remaining Preliminary Engineering for the 3.74 Miles Identified in Work Authorization No. 1.

A. Prepare and obtain approval of Preliminary Engineering Report
B. Prepare and obtain approval of the 30% schematic design.

### SECTION II

**PHASE I.** Preliminary Engineering for the 8.26 Miles Identified in Exhibit "B2".

A. Preliminary Engineering (Data Gathering)
  1. Proposed plans and calculations for levee improvements and for any facilities that may be affected by the proposed levee improvements.
  2. As-built plans for existing underground irrigation facilities.
  3. LIDAR and aerial photos when available.
  4. HCDD No. 1 design requirements.
  5. Go-by plans from HCDD No. 1.
  6. Plans for other projects impacted by proposed levee improvements.
  7. Develop project criteria.

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
"Levee System Improvement Project within Hidalgo County, Texas"

Work Authorization No. 2
EXHIBIT "B"
Page 13 of 20
VD00252

B. Other
   1. Obtain HCDD No. 1 and/or IBWC requirements for Specifications and Contract Documents.
   2. Obtain Agreement between HCDD No. 1 and landowners affecting design.
   3. Obtain Agreement between HCDD No. 1 and Irrigation District on R.O.W. sharing.

C. Preliminary Engineering Report
   1. Confirm route selection and limits of work.
   2. Prepare project layout and drainage area map; if required by IBWC.
   3. Review and update basic hydraulic calculations based on IBWC and County requirements.
   4. Determine typical channel sections land locations of existing levees and/or crossing structures.
   5. Review and update hydraulic model of project as developed by IBWC.
   6. Develop Preliminary Engineer's Opinion of Construction Cost estimates.
   7. HCDD No. 1 / IBWC review.
   8. Prepare preliminary cost estimate.
   9. Prepare Preliminary Engineering Report
   10. Prepare 30% schematic design.

Hidalgo County Drainage District No. 1 / Dannenbaum Engineering Company-McAllen, LLC
"Levee System Improvement Project within Hidalgo County, Texas"
Work Authorization No. 2
Exhibit "B"
Page 14 of 20
VD00253

# EXHIBIT NO. 2

## Scope of Services to be Provided by Consultant

## EXHIBIT No.2

## Services to be provided by the Consultant

### *General*

The following provides an outline of the services to be provided by the Consultant in the development of the Project.

The Consultant will provide the following:

Data Collection, Right-of-Way and Preliminary Engineering Phase services to aid the Engineer to develop the Preliminary Engineering Report and plans to the schematic level, and will include typical channel sections, locations and sizes of drainage structures at roadway and irrigation canal crossings, right-of-way map and related information for use in the project's Final Design.

### Data Collection and Right-of-Way Services

The Consultant will provide surveying services for the development of 8.26 miles of the Lower Rio Grande Levee Rehabilitation from Penitas, Texas to the Anzalduas Dam. Services will include the collection of survey data and development of a 3-D digital terrain model for use in the hydraulic and hydrologic analysis and design of the project as well as for the development of plans and specifications for the construction project. The Consultant will develop a map of the existing property boundaries for use in the development of the project.

In general, work to be provided shall include all management and surveying activities required for the development of the Project. Specific work activities to be provided by the Consultant shall include the following:

TASK I – Initial Project Discussion and Review

  A. Review and discussion of initial Project requirements.
  B. Attend meetings between the Consultant, Engineer, Hidalgo County Drainage District No. 1 and other respective agencies to discuss goals and objectives of the Project.

TASK II – Data Collection and Site Reconnaissance

  A. The Consultant along with the Engineer shall review mapping and boundary survey information of the existing conditions.
  B. The Consultant shall obtain cross sections at approximately 250-foot intervals along a approximately 8.26 miles of the Lower Rio Grande Levee Rehabilitation from Penitas, Texas to the Anzalduas Dam. Cross sections shall extend to the right-of-way line on both sides of the existing levee centerline.

  C. The Consultant shall deliver a base map and 3-D digital terrain model for preparation of construction plans; including existing utilities, roadways, crossings, and any other existing features. The existing IBWC right-of-way as developed from existing IBWC strip maps will also be included.

Exhibit No. 2
Services to be Provided by the Consultant
Hidalgo County Drainage District No. 1
Levee Improvement Project

Dannenbaum / HCDD No. 1 (Supplemental Agreement No. 1 to Work Authorization No. 2)

| Activity Code | DESCRIPTION | | Principal | Project Manager | Party Chiefs & Field Crews | GPS Technician | CAD Operator | Abstract Research | Secretary | Total Hrs | ESTIMATED FEE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Levee Improvements | | | | | | | | | | |
| | GPS Topography | | 10 | 150 | 1600 | 60 | 40 | | 40 | | $243,060.00 |
| | Utility spotting and tie down | | 10 | 100 | 400 | 40 | 30 | | 40 | | $69,660.00 |
| | Land ownership map | | 10 | 50 | 175 | 20 | 15 | 40 | 40 | | $33,960.00 |
| | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | $0.00 |
| | Total LABOR | | | | | | | | | | $346,680.00 |
| | | MULTIPLIER | | | 2 | 2 | 2 | 2 | 2 | | |
| | CONTRACT RATES: ($/MAN-HOUR) | | $150.00 | $80.00 | $140.00 | $50.00 | $40.00 | $35.00 | $24.00 | | |
| | BASE RATES: ($/MAN-HOUR) | | $75.00 | $40.00 | $70.00 | $25.00 | $20.00 | $17.50 | $12.00 | | |
| | | | | | | | | | | | |
| | NON LABOR | | | | | | | | | | |
| a. Item 1 | Mileage (Per Mile) | $0.46 | | | 3500 | | | | | | $1,610.00 |
| b. Item 2 | Car Rental | N/A | | | | | | | | | |
| c. Item 3 | Lodging (In State) | N/A | | | | | | | | | |
| d. Item 4 | Meals | N/A | | | | | | | | | |
| e. Item 5 | Air Travel | N/A | | | | | | | | | |
| f. Item 6 | Overnight Carrier cost (Per Letter) | 20.00 | | | | | | | | | $0.00 |
| g. Item 7 | Copies (Ea.) | $0.10 | | | | | | | | | $0.00 |
| h. Item 8 | Bond Plots (Per Sq. Ft.) | $0.08 | | | | | | | | | $0.00 |
| i. Item 9 | Color Plots (Per Sq. Ft.) | $1.50 | | | | | | | | | $0.00 |
| j. Item 10 | Mylar Plots (Per Sq. Ft.) | $1.60 | | | | | | | | | $0.00 |
| k. Item 11 | GPS Equipment Usage (Per Day) | $300.00 | | | 100.00 | | | | | | $30,000.00 |
| l. Item 12 | Lathes & Ribbon | Quote | | | | | | | | | |
| | Total NON LABOR | | | | | | | | | | $31,610.00 |
| | | | | | | | | | | | $378,290.00 |

VD00256
Exhibit T
Page 17 of 20

# EXHIBIT NO. 3

## Consultant's Certificate of Insurance

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

| | |
|---|---|
| OP ID BB VALLE-5 | DATE (MM/DD/YYYY) 05/30/07 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| Walthall, Sachse & Pipes, Inc 300 E. Sonterra #1100 San Antonio TX 78258 Phone: 210-384-0000  Fax:210-384-0110 | |

| | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED | INSURER A: Hartford Casualty Insurance Co | 29424 |
| Valley Data Collection Specialists, Inc. 9120 North 23rd McAllen TX 78504 | INSURER B: Maryland Casualty Company | |
| | INSURER C: American Fire and Casualty Co | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| C | X | **GENERAL LIABILITY** X COMMERCIAL GENERAL LIABILITY  CLAIMS MADE X OCCUR | 53619660 | 04/02/07 | 04/02/08 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY  PRO-JECT  LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| A | X | **AUTOMOBILE LIABILITY** X ANY AUTO  ALL OWNED AUTOS X SCHEDULED AUTOS X HIRED AUTOS X NON-OWNED AUTOS | 65UECUY5697 | 04/02/07 | 04/02/08 | COMBINED SINGLE LIMIT (Ea accident) | $500000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN  EA ACC AUTO ONLY:  AGG | $ $ |
| | | **EXCESS/UMBRELLA LIABILITY** OCCUR  CLAIMS MADE  DEDUCTIBLE RETENTION  $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| A | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | 65WECGG9238 | 04/02/07 | 04/02/08 | WC STATU- TORY LIMITS  OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $500000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $500000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $500000 |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
DANNENBAUM ENGINEERING AND HIDALGO COUNTY DRAINAGE DISTRICT # 1 ARE SHOWN AS ADDITIONAL INSURED FOR GENERAL LIABILITY AND AUTO LIABILITY.

| CERTIFICATE HOLDER  DANNENB | CANCELLATION |
|---|---|
| DANNENBAUM ENGINEERING HIDALGO COUNTY DRAINAGE DISTRICT # 1 1109 NOLANA LOOP SUITE 208 MCALLEN TX 78504 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  10  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE  /s/ Richard Walthall |

ACORD 25 (2001/08)  © ACORD CORPORATION 1988

Exhibit C

## IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

## DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

ACORD 25 (2001/08)